UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                               |   |                      |
|-------------------------------|---|----------------------|
| UNITED STATES OF AMERICA,     | ) |                      |
|                               | ) | No. 1:23-cr-10074-FDS |
| v.                            | ) |                      |
|                               | ) |                      |
| JEAN MOROSE VILIENA,          | ) |                      |
|    Defendant.  | ) |                      |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION
REGARDING WITNESSES' GUN OWNERSHIP**

Now comes the defendant, Jean Viliena, before this Honorable Court, and respectfully opposes the government's motion to preclude Mr. Viliena from offering "any testimony, evidence, or argument that the government's witnesses were involved in violent or criminal acts, including the fact that one of its witnesses owned a gun." Mr. Viliena believes that the government's motion as it pertains to the violent or criminal acts of its witnesses has largely been addressed at the final pretrial hearing. The Court inquired specifically as to individually named witnesses, made some provisional rulings, and reserved various rulings for trial.

To the extent the government specifically moves to preclude Mr. Viliena from questioning the government's key witness about his gun ownership, Mr. Viliena opposes, and states as follows. The government's witness informed them that he acquired a gun in 2008 and disposed of it in 2009. Mr. Viliena's defense includes evidence that this government witness (a self-identified human rights advocate) possessed a gun prior to the 2008 timeframe he told the government, and importantly, that he possessed that gun in connection with a confrontation that resulted in the death of that government witness's brother.

Mr. Viliena has reason to believe, through his investigation, that this government witness

possessed a gun in 2007; his admissions regarding gun ownership in 2008 into 2009 may be partially corroborative, but also, the witness's prior statements to the government serve as impeachment evidence. The defense's theory particularly as to this witness is that this witness was a leader of a gang in 2007 and his leadership role continued at least throughout the time that he remained in Haiti. As part of his right to present a defense, Mr. Viliena needs to question the government witness on this topic, and introduce evidence about that government witness's possession of a gun because it is inextricably intertwined with the allegations at issue in this case, Mr. Viliena's defense and witnesses' narrative of those events, and would also be relevant to his credibility and motive to lie.

Respectfully Submitted,

**Jean Morose Viliena**

by his attorney,

*/s/ Jason Benzaken*

Jason Benzaken, Esq.
Benzaken, Maguire, Sheehan & Wood, LLP
1342 Belmont Street, Suite 102
Brockton, MA 02301
(Tel) 508-897-0001
(Fax) 508-587-5455
BBO No. 658869
*jbenzaken@bmswlaw.com*

DATED: March 14, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion has been served upon the parties and counsel for the United States by CM/ECF.

*/s/ Jason Benzaken*
Jason Benzaken

Dated: March 14, 2025